Jennie Wolf et al., Appellants, v. Elmer Reeves, Appellee.

**NEGLIGENCE:** Contributory Negligence—Calling Defendant as Witness. A plaintiff suing for damages because of personal injury inflicted upon himself may, *without proffering himself as a witness*, establish his own freedom from contributory negligence by the testimony of the *defendant*.

*Appeal from Bremer District Court.*—J. J. Clark, Judge.

MARCH 13, 1923.

Action for damages for a personal injury resulting to plaintiff by reason of a collision with defendant's automobile. The defense was a general denial. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant, and entered judgment accordingly. The plaintiff appeals.— *Reversed and remanded.*

*Dawson & Wehrmacher* and *Johnson, Donnelly & Lynch,* for appellants.

*M. M. Kingsley* and *Sager & Sweet,* for appellee.

Evans, J.—The accident under consideration occurred on September 15, 1920, at about midday, on one of the streets of the city of Waverly. The plaintiff in interest is Jennie Wolf. Pending the suit, a guardian was appointed for her, who was substituted herein as party plaintiff. It will be more convenient in the discussion to refer to the injured person as the plaintiff. She was an old lady, 76 years of age. She was severely injured in the collision, and has been bedridden ever since. Some months after the accident, she was taken to the home of her daughter in Indiana, and was there confined to her bed up to the time of the trial of the case. She was not a witness at the trial, nor had her testimony been taken by deposition or otherwise. The order directing a verdict against her was presumptively predicated, and is here sustained by the argument of the appellee, on the

ground that she had failed to prove freedom from contributory negligence. It is not claimed that the testimony disclosed contributory negligence as a matter of law, but that the silence of the evidence on the question of contributory negligence left unproved the material allegation of the petition that plaintiff was using ordinary care.

This claim of lack of evidence at this point is predicated largely upon the absence of the testimony of the plaintiff herself. Manifestly, if the plaintiff had been used as a witness in her own behalf, her recital of the circumstances of the accident would ordinarily, if not necessarily, disclose her own conduct and the degree of care used by her. If, in such disclosure of the circumstances, her own negligence appeared conclusively as a matter of law, then she was subject to a nonsuit by a directed verdict. On the other hand, if the circumstances disclosed did not conclusively show negligence on her part as a matter of law, she would be entitled to go to the jury upon that issue, even though her evidence, or that in her behalf, did not conclusively show freedom from contributory negligence. A case is readily conceivable where a plaintiff's own evidence might be conclusive against him on the question of contributory negligence, and where the evidence of no other witness to the accident might be thus conclusive. We should be slow, therefore, to encourage any rule or procedure which would enable a plaintiff to make a better case without his own evidence than with it. This caution doubtless had its weight with the trial court in inducing the ruling that is now complained of. There was no evidence of the present mental condition of Mrs. Wolf, other than the presumption that might attach to the fact of existing guardianship. Her physical disability was a sufficient explanation of her absence from the trial. It would not necessarily explain the failure to take her evidence by deposition. It is to be conceded, therefore, that the absence of her testimony justified a critical scrutiny of the evidence as bearing upon the question of contributory negligence, and we are not disposed here to relax that scrutiny, though, upon a consideration of such evidence, we reach a reversing conclusion.

The accident happened on a north and south street called Linn Street. This street was 35 feet wide between the curbs.

The defendant was driving south thereon at from 6 to 10 miles an hour. There were no other vehicles upon the street in that particular locality. The place was in the middle of a block. Opposite this locality, to the east and to the west thereof, an east and west alley extended through the successive blocks. Mrs. Wolf came through this alley from the east, emerging from the alley into Linn Street on its east side, and proceeded to cross the street to its west side. Before she had reached the center of the street, she was struck by the left fender of defendant's automobile and thrown to the ground to the east, her feet pointing toward the west. That a wheel ran over her is indicated by the fact that one of her limbs was badly broken below the knee. The accident could not have happened if the defendant had been in his proper place upon the right side of the street. Certain statements made by the defendant to various persons were put in evidence as admissions. These were to the effect that he did not know how the accident happened, and that he did not see the plaintiff before he struck her, and did not know that he had struck her until he saw her upon the ground; that, immediately before the collision, he was looking in another direction. There were several persons within view of the locality, being in and about their own homes. Several of these were upon the scene immediately after the collision had happened. The attention of none of them, however, was in that direction at the moment of the actual collision, and none of them saw that. This was the general state of the evidence for the plaintiff when she rested in the first instance. After the presentation by the defendant of his motion to direct a verdict, and pending the consideration thereof, the court permitted the plaintiff to reopen, and to introduce further testimony. The *defendant* was thereupon called as a witness for the plaintiff, and was interrogated as to the circumstances of the accident. He testified, in substance, that, when he was half a block away from the point of the collision, he saw the old lady coming up the alley toward the street, and saw her come up to the curb and proceed to cross. The following from his evidence is a sufficient indication of its general nature:

"As the old lady walked out from the sidewalk on the east side of the street, she was walking quite briskly. I saw that, and

noticed that at the time, as I was proceeding down the street from this crossing at the north of the block. I judged she was an elderly person. I saw this old lady look up and down the street, when she was on the sidewalk coming towards the curbing, and then, after looking up and down the street, I saw her start across the street. I had my attention particularly attracted to this old lady when she was on the sidewalk proceeding west towards the curb line. She stood there an instant, and then she walked a few steps south, and then turned and walked back again about the same distance. I kept watching her all the time there while she was doing that. Nothing came between the old lady and me from that time as I saw her there as I proceeded the length of half a block. I would say that it was about 132 or 140 feet that I operated my car down that half block after I saw this old lady.''

After the examination of the defendant as a witness, the plaintiff again rested. Defendant's motion to direct was then sustained. Whatever merit this motion may have had at the time of its first presentation, it was disemboweled by the examination of the defendant himself. According to the defendant's own evidence, as the old lady came to the curb she looked up and down the street before she ventured upon crossing. The street was clear of all moving traffic at that time except the defendant's automobile, half a block away. Surely this was some evidence of care on her part. It was the kind of care which the burden of the issue upon her called for. If it was not sufficient in degree to constitute conclusively ordinary care on her part as a matter of law, it was, nevertheless, sufficient in degree to go to the jury on that question. It was sufficient to sustain a finding by the jury that she was exercising ordinary care in her precaution to discover the condition of traffic upon the street, and that she was justified in attempting to cross under the conditions which were apparent to her. Presumptively, her first danger would be from moving vehicles coming from the south. There were none in sight. Assuming that her eyesight was adequate to discover the defendant half a block away, he was presumptively on the right side of the street, and the zone of danger from his vehicle was on the west half of the street. In the absence of any other traffic upon the street than that of

the defendant, the plaintiff would be comparatively safe upon any part of the street. Wherever she might be thereon, there would be ample room for the defendant to pass her on either side. There were no obstructions to the line of vision; no lack of daylight; no confusions of shadows or headlights. The evidence as a whole would sustain an inference by the jury that, while the defendant driver momentarily looked away from his work, his car swerved out of its true line in the highway and thereby suddenly bore down upon the plaintiff, without discovery by the defendant, and without attempt at proper control. The jury might properly refuse to hold plaintiff to the duty of great athletic achievement, such as dodging or leaping or running away.

Granting, therefore, that a plaintiff cannot be permitted, by evading the witness stand, to escape the full burden of the negative issue of contributory negligence, yet it is legally sufficient if he sustain such burden by other appropriate evidence; and if he call the *defendant* as his witness and stake the issue upon such examination, this ought to be a sufficient answer to the questionings of the most exacting scrutiny.

It is not claimed by the defendant that his evidence as a witness for the plaintiff disclosed contributory negligence as a matter of law. That it did disclose a substantial degree of care, and sufficient thereof to go to the jury, we deem clear, upon the record.

We do not discuss the evidence as pertaining to the alleged negligence of the defendant. For the purpose of this appeal, such alleged negligence is conceded. In view of a new trial to be had, it would be unfair to him to indulge in comment now upon the present state of the evidence as regards his negligence. We only hold now that the evidence introduced by the plaintiff was sufficient to entitle her to go to the jury on every issue tendered by her petition. The judgment below is, accordingly, reversed.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.