THERESA LAWLOR, Appellant, v. F. T. GAYLORD, Appellee.

No. 46292.

JULY 27, 1943.

J. W. Napier and Joe R. Frailey, both of Fort Madison, for appellant.

Johnson, Martin, Johnson & Phelan, of Fort Madison, for appellee.

OLIVER, J.— Twentieth Street in Fort Madison runs north and south. It is an arterial highway, at which traffic from intersecting streets is required to stop. Avenue I runs east and

west, and intersects Twentieth Street in a residence district. Each street is paved and is 26 feet wide, from curb to curb. The intersection and its approaches are level. The accident happened at the south side of the intersection, at about 8 p. m., November 1, 1941. The street light at the intersection was lighted. Apparently, there were no traffic-control signals.

Appellant, Theresa Lawlor, aged sixty-five years, was going to her home, carrying a large package of groceries in her arm. As she reached the curb at the southeast corner of the intersection of Twentieth Street and Avenue I, preparatory to crossing Twentieth Street, she stopped and looked to the south, then to the north. Her view was unobstructed. She saw no car traveling in either direction. To the north she looked as far as Avenue H, which intersects Twentieth Street 376 feet north of Avenue I. Then she stepped from the curb and proceeded to walk west across Twentieth Street, along the south side of the intersection, without again looking to the north or the south. She was walking slowly—ordinary gait. She had a stiff right ankle, caused by a previous injury. A witness testified she always got around very well but her pace was slow. When she had walked about three fourths of the distance across Twentieth Street, she was struck by an automobile and was seriously injured. She did not know of the presence of the automobile and testified no signal of its approach was given.

Appellee, as a witness for appellant, testified he drove his automobile west on Avenue H to Twentieth Street, then south on Twentieth Street to Avenue I, where its right headlight glass was broken by striking the bundle Mrs. Lawler was carrying. Prior to the accident both headlights were lighted. Witnesses testified appellee said he did not know how the accident happened.

Among the charges of negligence pleaded in the petition are: excessive speed of the automobile across the intersection and cross walk; failure to have the same under control and to reduce the speed to a reasonable and proper rate; failure to keep a proper lookout for pedestrians and to see appellant; failure to give any warning.

At the conclusion of the evidence for plaintiff, appellee moved for a directed verdict, asserting the evidence was insuffi-

cient to show (1) that the negligence of appellee in any of the particulars charged in the petition was the proximate cause of the accident, or to show (2) that appellant was free from contributory negligence. The court sustained this motion generally. Appellant contends both issues were questions for the jury.

I. Section 5027.05, Code of Iowa, 1939, requires the driver of a vehicle to exercise due care to avoid colliding with any pedestrian upon any roadway and to give warning by sounding the horn when necessary. Code section 5034.41 requires the driver to give audible warning with his horn when reasonably necessary to insure safe operation. There was substantial direct evidence that appellee failed to sound the horn to give appellant warning of the approach of his automobile and that appellant was unaware of its presence.

From the evidence in this case the jury could have concluded appellee was under a duty to warn appellant; that appellee failed to perform that duty and that such failure was the proximate cause of the accident. Clearly that issue was one of fact for the determination of the jury. Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798; Huffman v. King, 222 Iowa 150, 268 N. W. 144; Robertson v. Carlgren, 211 Iowa 963, 234 N. W. 824; Orth v. Gregg, 217 Iowa 516, 250 N. W. 113; Short v. Powell, 228 Iowa 333, 291 N. W. 406.

The evidence of appellee's failure to keep a proper lookout was sufficient to make that question also one for the jury. Appellant testified she walked three fourths of the distance across Twentieth Street. Under the record the jury could have found, if it had so elected, that as the automobile approached appellant she could have been seen by appellee had he kept a proper lookout. Witnesses testified appellee said he did not know how the accident happened. This statement, in connection with other circumstances shown in evidence, was sufficient to have sustained a finding by the jury (had it so found) that appellee failed to keep a proper lookout and that the accident was caused thereby. Bauer v. Reavell, 219 Iowa 1212, 260 N. W. 39; Holderman v. Witmer, 166 Iowa 406, 147 N. W. 926.

Another specification of negligence is that appellee was operating the automobile at a dangerous and excessive rate of speed. It is appellant's theory that the automobile was not

visible to her when she looked to the north, for the reason that it had not then entered Twentieth Street from H Avenue, 376 feet north of I Avenue, and that it must have traveled at an excessive rate of speed to have gone about 400 feet while appellant was walking about 20 feet. However, there was no evidence of the speed at which appellant walked, except that she was walking slowly. Nor was it shown that she was thrown any distance by the impact or that there was damage to the car other than the broken headlight. The record is too uncertain and inadequate to support a finding based upon said specification.

In view of a retrial at which the circumstances of the accident may be shown in fuller detail, consideration of other specifications of negligence appears inadvisable.

II. The evidence bearing upon appellant's freedom from contributory negligence is brief. She attempted to cross the street, apparently at an intersection cross walk. From the curb she looked south several blocks, then north one block (376 feet), saw no vehicles, walked slowly across Twentieth Street without again looking in either direction, and was struck by the automobile as she neared the opposite curb. The question is whether appellant, having once looked for vehicular traffic as she started to cross the street, was guilty of contributory negligence as a matter of law in failing to look again, or continue to look, as she proceeded.

It is well established that a person is not required to anticipate negligence on the part of another but may assume the other will not violate the law until he knows or should have known otherwise. This rule is, of course, applicable to a pedestrian crossing a street. While he is required to anticipate the presence of vehicles thereon, it has been said that, because of his relative incapacity to injure others by colliding with them, his duty in that respect is less urgent than that devolving upon the driver of an automobile; and the exercise of ordinary care on the part of the pedestrian does not necessarily require as continuous caution as is required to enable one operating an instrument capable of inflicting great damage, to fulfill the definition of ordinary care. Swan v. Dailey-Luce Auto Co., 225 Iowa 89, 277 N. W. 580, 281 N. W. 504.

The rule of ordinary care does not impose upon a plaintiff pedestrian the burden of keeping a constant lookout for approaching vehicles. Wine v. Jones, 183 Iowa 1166, 162 N. W. 196, 168 N. W. 318.

We have frequently held his failure to keep a constant lookout or to look again is not contributory negligence as a matter of law. Swan v. Dailey-Luce Auto Co., supra; Read v. Reppert, 194 Iowa 620, 190 N. W. 32; Roberts v. Hennessey, 191 Iowa 86, 104, 181 N. W. 798, 806; Huffman v. King, 222 Iowa 150, 268 N. W. 144. This is the rule in various other jurisdictions. 5 Am. Jur., Automobiles, 886, 887. There have been like holdings in cases where the pedestrian was crossing a street at a place other than a regular crossing. Wine v. Jones, supra; Wolf v. Reeves, 195 Iowa 610, 192 N. W. 302.

Under the evidence, appellant's contributory negligence and appellee's negligence were questions of fact for the jury.—Reversed.

All JUSTICES concur.