Dorothy J. LOVELY, Appellee,

v.

Arnold EWING and Lorraine Hillis, Appellants.

No. 54251.

Supreme Court of Iowa.

Feb. 9, 1971.

Kersten & Opheim, Fort Dodge, for appellants.

Bastian, Beisser & Carlson, Fort Dodge, for appellee.

LeGRAND, Justice.

The factual dispute important to this appeal may be put quite briefly. Plaintiff claims she had stopped her automobile at an electrically controlled traffic light and was waiting for the signal to change in her favor when she was struck from the rear

by a car owned by defendant, Lorraine Hillis, and driven with her consent by the defendant, Arnold Ewing. For convenience we refer to these two jointly as the defendant.

Defendant, on the other hand, insists plaintiff had started up from her stopped position, proceeded several car lengths, and then stopped suddenly and without warning as he was following her into the intersection, thus precipitating the collision of which she now complains.

The jury returned a verdict for plaintiff in the amount of $15,300.00. Defendant appeals from judgment thereon, asserting he is entitled to a new trial on these grounds: (1) Error in instructing the jury on plaintiff's duty of lookout on the question of contributory negligence; (2) Error in the admission of deposition testimony of Dr. Paul Lindquist, plaintiff's expert medical witness; (3) Error in refusing to give defendant's requested instruction on plaintiff's duty to give a signal under section 321.316, The Code, 1966; and (4) Error in submitting the issue of defendant's speed to the jury.

I. One of plaintiff's allegations of negligence accused defendant of failing to maintain a proper lookout. Defendant in turn charged plaintiff with contributory negligence for the same reason. In Instruction 12 dealing with the defendant's duty, the trial court instructed the jury that a proper lookout is "such lookout as would be kept by a reasonably prudent motorist similarly situated." Later, in instructing on contributory negligence, the court told the jury that the plaintiff had a duty to maintain a proper lookout "as defined in Instruction 12."

Defendant requested that the court include in the instruction on plaintiff's duty a statement concerning lookout to the rear. This, of course, was the crucial issue in the case. Under defendant's theory plaintiff started forward and without warning came to a sudden stop while he was in a position of imminent danger from such a maneuver.

We believe the matter of plaintiff's duty to maintain a lookout to the rear was in the case. Our question, then, is whether this issue was sufficiently presented to the jury under the instruction given by the court. We do not believe it was.

We have often said instructions should fairly and completely present the jury with those issues they are to decide. We have also said instructions are the jury's only source of guidance for the correct application of the law to the facts. Another well established rule is that instructions should not be couched in abstract language but should be related to the facts of the particular case. Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391; McCoy v. Miller, 257 Iowa 1151, 1155, 136 N.W.2d 332, 335; Gibbs v. Wilmeth, 261 Iowa 1015, 1022, 157 N.W.2d 93, 97; Baker v. Wolfe, Iowa, 164 N.W.2d 835, 839; Robeson v. Dilts, Iowa, 170 N.W.2d 408, 414.

Since no objection was made to Instruction 12 as it related to defendant's negligence, we would not be concerned with it here except that it was incorporated by reference into Instruction 21 dealing with plaintiff's contributory negligence. We therefore consider only the trial court's failure to include an explanation of plaintiff's duty to maintain a lookout to the rear under the circumstances existing here.

We do not believe it can be fairly said the bare abstract statement on lookout given by the court properly instructed the jury on the nature and extent of that duty with reference to the necessity of making some observation to the rear before coming to a sudden stop. We are convinced defendant was entitled to such an instruction and that refusal to give it was reversible error.

We should not overlook plaintiff's claim that this matter cannot be raised here because no objection to Instruction 21 was

made at trial. While this is true, objection was made to Instruction 12 on the very ground which is now the basis of this assignment of error. Since the trial court made Instruction 12 a part of Instruction 21 by reference and since the objection pointed out the precise defect about which defendant was complaining, we hold rule 196, Rules of Civil Procedure, was complied with and that the issue is properly here.

II. Defendant next claims error in the admission of parts of the deposition testimony of Dr. Paul Lindquist. The first objection to this testimony is that it is based partially on hearsay and is therefore inadmissible.

Dr. Lindquist did not see plaintiff until approximately one year after the accident. He examined her several times. His is the only medical evidence in the record. Dr. Lindquist testified to permanent injuries suffered by plaintiff and the extent of her permanent disability or, as he puts it, permanent impairment. We discuss this semantic dispute later in this division.

The objection that Dr. Lindquist's testimony is inadmissible as being based upon hearsay is limited to that part of his deposition which deals with permanent injuries. We believe the objection is well taken, and we quote several answers from the doctor's testimony to justify our conclusion.

At one place the doctor stated, "I am relying on the record [of examinations by other doctors] insofar as what their examination showed to give me history as to the way the patient was when she was seen on previous occasions, yes."

"Q. And has the study of those records played a part in your determination of her present condition? A. Yes.

"Q. Has it played a part in your determination and evaluation of her disability? A. Yes."

None of these records was in evidence and none of the doctors who made the other examinations testified.

At another place the doctor said, "My opinion as to Mrs. Lovely's condition was based somewhat on the records of other doctors here at the hospital who have treated her. I had to base this opinion especially in regard to historical information in order to establish the chronicity [of her condition.]"

At another time, when discussing his use of the results of previous examinations, this occurred:

"Q. So this would have been important in making your determination as far as a final conclusion on her impairment, would it not? A. Certainly.

"Q. And without it you could not have made that, is that correct? A. That's correct."

Although on redirect examination attempt was made to show the doctor's opinion was based solely on his own examination and his own findings, we believe on a reading of the whole record Dr. Lindquist's evaluation as to the permanency of plaintiff's injuries—a very important item of damage—could not have been made without strong reliance upon the examinations and reports made by other doctors.

We have discussed the admission of expert testimony under such circumstances frequently in recent years. Dougherty v. Boyken, 261 Iowa 614, 615, 155 N.W.2d 488, 495; Hedges v. Conder, Iowa, 166 N.W.2d 844, 857; Adams v. Deur, Iowa, 173 N.W.2d 100, 108–110; Rasmussen v. Thilges, Iowa, 174 N.W.2d 384, 387; Karr v. Samuelson, Iowa, 176 N.W.2d 204, 209–210; Tiemeyer v. McIntosh, Iowa, 176 N. W.2d 819, 824. See also 19 Drake Law Review 245, 266.

■ We need not repeat again what we said in those cases. The opinions expressed here by Dr. Lindquist are based partially on his own findings and partially on the hearsay findings of other doctors. Clearly such opinions should have been excluded.

We believe this, too, was reversible error which alone would have required a new trial.

Another objection made to Dr. Lindquist's testimony is that he used a wrong standard to determine the extent of permanent injury sustained by plaintiff. The witness and counsel could not agree on whether this should be described as permanent disability or permanent impairment. The doctor insisted "impairment" was the correct term. Counsel was equally adamant in his loyalty to "disability." It is apparent from the testimony that Dr. Lindquist related "disability" exclusively to occupational disability. He refused to make any estimate of the extent to which the injury would handicap plaintiff in her employment, and the court did not submit such question to the jury.

■ We believe it is abundantly clear Dr. Lindquist was stating his opinion of plaintiff's loss of function. He stated she had a "20% whole body permanent physical impairment and loss of physical function." The court properly instructed on the question of permanency under the testimony given by the doctor.

We believe defendant's objection to this testimony and to the instruction is hypercritical and without merit.

III. Defendant also complains of the court's instruction on plaintiff's duty to give a signal under section 321.316, The Code, when bringing her car to a stop. Defendant submitted a requested instruction on this issue, which was refused. The trial court gave its own instruction, to which no objection was made. Under these circumstances that matter is not properly before us for review. Rule 196, Rules of Civil Procedure; Christianson v. Kramer, 257 Iowa 974, 981, 135 N.W.2d 644, 648 and citations.

However, since this case must be retried, we discuss the instruction briefly. Defendant's sole defense was that plaintiff suddenly and without warning stopped at such a time that he was unable to avoid the collision. Section 321.316, Code of Iowa, provides that a signal of intention to stop must be given "when there is an opportunity" to do so. Sections 321.317 and 321.318 set out the method in which such signal must be given.

We have recently considered this section and the duties imposed thereby in Baker v. Wolfe, 1969, 164 N.W.2d 835, 838, 839.

There we held an instruction on a driver's duty under section 321.316 should be governed by the evidence and that *all* the provisions of the statute need not be included in every case. We are handicapped here because the record shows no evidence concerning the giving, or failure to give, any signal.

The instruction as given referred to a hand and arm signal but did not include the statutory requirements of such a signal under section 321.318. It also told the jury the signal could be given by electrical signal device. Again the court omitted any reference to the standards such a device must meet under the provisions of section 321.317(2).

An instruction setting out this statutory duty should explain what a motorist must do to comply with the law. Otherwise it permits the jury to decide—without adequate information—what amounts to compliance.

In one respect at least the instruction was more favorable to defendant than he had a right to expect. It told the jury plaintiff had an absolute duty to give a signal, but the statute requires one be given only if there is an opportunity to do so. This qualification, too, should have been made a part of the instruction.

■ On re-trial the instruction on plaintiff's duty under section 321.316, if given at all, should include an explanation of both *when* and *how* the signal must be given.

IV. Defendant insists there was no evidence to support the submission of speed to the jury. It is true there was no direct evidence, but speed may be shown by circumstantial evidence. Under the record here we believe the trial court was right. We have frequently said that driving an automobile into another in plain sight is evidence of negligence—improper lookout, lack of control, and speed. Ruud v. Grimm, 252 Iowa 1266, 1274, 110 N.W.2d 321, 325; Mazur v. Grantham, 255 Iowa 1292, 1296, 125 N.W.2d 807, 809; Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 1183, 136 N.W.2d 338, 342; Mickelson v. Forney, 259 Iowa 91, 94, 143 N.W. 2d 390, 392; Schmitt v. Jenkins Truck Lines, Inc., Iowa, 1969, 170 N.W.2d 632, 649, and citations.

Several other issues raised by the appeal are not likely to arise again upon retrial and need not be discussed.

For the reasons set out in Divisions I and II hereof this cause is remanded for a new trial.

Reversed and remanded.

All Justices concur, except RAWLINGS, J., who concurs in the result.