Timothy SCHABEN, by Anthony Schaben,
Jr., his father and next friend,
Appellees,

v.

Donald KOHLES, Appellant.

No. 54432.

Supreme Court of Iowa.

May 5, 1971.

Raun, Franck & Mundt, Denison, and Fred Louis, Harlan, for appellant.

Thomas L. McCullough, Sac City, for appellees.

MOORE, Chief Justice.

On June 8, 1967 plaintiff, age 6, was struck and seriously injured by a pickup truck owned and operated by defendant. Plaintiff's action for injuries and damages therefrom, upon trial to the court, resulted in a $72,731.95 judgment for plaintiff. Defendant has appealed. We affirm.

Most of the evidence is not in conflict. On the accident date and for considerable time prior thereto Timothy Schaben with his six brothers and sisters lived in his parents' farm home. It was on the north side of a 24-foot wide gravel road approximately 10 miles south of Denison. The road rises gradually to the west but the view is unobstructed for at least one-eighth of a mile each direction from the accident scene which was in front of the Schaben home. There was brome grass approximately two feet high in the ditches along the road. Defendant lived less than a mile west of the scene. He knew the Schaben family and was aware the children played in the area. He had driven east on the road earlier on June 8, 1967 and as he was returning home at about 7:30 p. m. in daylight, he was driving approximately 45 miles per hour. As he approached from the east defendant saw Neil Schaben, age 4, standing on the cement driveway about 10 feet from the north edge of the roadway.

Defendant testified he immediately reduced his speed to about 20 miles per hour and watched Neil. No other vehicle was on the road. Defendant swerved to the south and when directly across from the driveway he first saw the flash of white or a T-shirt and in a split second hit Timothy. Defendant immediately applied his brakes. The vehicle slid somewhat sideways for 60 feet, hit a mail box post, and continued an additional 19 feet into the south ditch where it was stopped upon hitting a large metal culvert.

When hit Timothy was thrown into the south ditch where defendant picked him up and handed him to Mr. Schaben who had been mowing grass in his front yard. Timothy's serious injuries will be described infra. Mr. Schaben had not seen Timothy immediately before the accident. At the scene defendant said "it is all my fault". One of the older Schaben boys had observed defendant's vehicle and stated "it was going pretty fast". Mr. Schaben estimated its speed at 45 miles per hour while sliding.

I. Under the assigned errors it is our duty to take the evidence in the aspect most favorable to plaintiff which it will reasonably bear. Findings of fact in this law action tried to the court are bind-

ing upon this court if supported by substantial evidence. Rule 344(f) 1, Rules of Civil Procedure.

■ II. Defendant first asserts there is not substantial evidence to support the trial court's finding he was negligent in failing to maintain a proper lookout. We do not agree.

■ Proper lookout means more than merely to look and see an object. It implies being watchful of the movements of the driver's vehicle in relation to other things seen and which could be discerned or seen in the exercise of ordinary care. It involves care, watchfulness and attention of the ordinarily prudent person under the circumstances. Goettelman v. Stoen, Iowa, 182 N.W.2d 415, 418; Bradt v. Grell Construction, Inc., Iowa, 161 N.W.2d 336, 341, 342, and citations.

Defendant's testimony includes the following:

"I first saw Timothy Schaben just a split second before I hit him. He was out on the road just a little bit, two—three feet, maybe a little more. I didn't exactly see him at first. I saw a white T-shirt just a little bit before I hit him. There wasn't much I could do when I saw him. I slammed on the brakes as hard as I could because I already had my foot on the brakes driving off to the south side of the road in fear that the other boy might accidentally run across the road."

His cross-examination includes:

"Q. As you were driving there watching out for the little boy that was standing on the cement, and as you were getting over to the left side of the road, you were keeping your eye on this little boy on the cement, weren't you? A. Right.

"Q. So that you were moving to your left and looking to your right, is that right? A. Yes."

III. Defendant next argues there is not substantial evidence to support the trial

court's finding he was negligent in driving at excessive speed under the existing circumstances and that he failed to have his vehicle under control. From our careful review of the record we must disagree with these contentions.

Code section 321.285 requires the driver of a motor vehicle to "drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing. * * *."

■ In addition to direct evidence of high speed while traveling in an area where children were frequently present the circumstances and physical facts here indicate negligence in this regard. We have held many times speed may be proven by circumstantial evidence and that such evidence may be sufficient to overcome direct evidence as to speed. Lovely v. Ewing, Iowa, 183 N.W.2d 682, 687; Goettelman v. Stoen, Iowa, 182 N.W.2d 415, 419, 420; Walker v. Sedrel, 260 Iowa 625, 632, 149 N.W.2d 874, 878, and citations.

■ IV. Code section 321.288 requires the operator of a motor vehicle to have the same under control. Control of an automobile connotes the ability to maneuver it with reasonable promptness so as to guide it in the manner willed by the operator acting as an ordinarily careful and prudent person would under the circumstances, including such control as will enable the operator to bring it to a stop with a reasonable degree of celerity. Nassif v. Pipkin, Iowa, 178 N.W.2d 334, 337; Bradt v. Grell Construction, Inc., Iowa, 161 N.W.2d 336, 343, 344, and citations.

■ V. Defendant contends also the court erred in finding he failed to give a warning by sounding the horn of his vehicle as no such specification of negligence was pleaded. The court did take note of the fact defendant had testified he sounded no warning but did not make a finding of

negligence in this regard. Defendant's contention is without merit.

VI. Defendant's last assigned error is the amount of the finding and judgment of the trial court is excessive.

In Goettelman v. Stoen, supra, 182 N. W.2d 415, 419, 420, we quote this from Mazur v. Grantham, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813, 814:

"In considering the size of verdicts we have repeatedly referred to passion and prejudice, shock the conscience, failure to administer substantial justice, the rule of fair compensation, and lack of support in the evidence. * * * It seems fundamental the most important of these is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the courts may not interfere with what is primarily a jury question."

When taken from the ditch following the accident Timothy's left leg was fractured and he had a compound fracture to the left side of his head. This fracture of the bones of his head caused a penetrating wound in the dura and cortex of the left parietal of the brain which is the covering of the brain and that part which controls the speech. On the way to hospital he suffered convulsions. He was unconscious for a week. When he gained consciousness he was in stirrups and his arms were tied down. He could not talk for seven weeks and had to learn to talk all over. He was given speech therapy but has a permanent speech defect. When released from the hospital his left leg was much shorter than his right. Therapy has eliminated most of his limping. He wore a football helmet for nine months after which he was returned to the hospital for head surgery. He now has a plate in his head. He has a large scar on the left side of his head. Future medical care will be required.

His speech defect affects his intellectual ability. He has experienced a change of personality and at times is boisterous and silly for no apparent reason. It is undisputed he has permanent brain damage and permanent impairment of earning capacity in the future. At trial time his medical and hospital expenses totaled $5721.95.

The amount of the trial court's findings and judgment for plaintiff's damages are supported by the evidence and within reasonable range under the record. We find no reason to interfere therewith.

The findings of the trial court are supported by substantial evidence. We find no reversible error.

Affirmed.

All Justices concur except REYNOLDSON, J., who takes no part.