George WRIGHT, Appellant,

v.

David WELTER, Appellee.

No. 63562.

Supreme Court of Iowa.

Feb. 20, 1980.

Rehearing Denied March 13, 1980.

Michael T. Foster of Qualley, Larson & Jones, Sioux City, for appellant.

Michael R. Hellige of Shull, Marshall & Marks, Sioux City, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE, and McGIVERIN, JJ.

McCORMICK, Justice.

A pedestrian appeals from a judgment entered on a jury verdict for a motorist in the pedestrian's action seeking recovery for injuries sustained when he was hit by the motorist's automobile while crossing a street in Sioux City. We must reverse and remand because of an erroneous instruction relating to a motorist's duty to warn a pedestrian by sounding a horn.

Dace Street in Sioux City is an east-west, two-lane street with a marked center line. At approximately 9:00 p. m. on February 22, 1977, plaintiff George Wright was walking from north to south across the street toward a parking lot in which he had left his car. The nearest crosswalks were two blocks east and west of where he was crossing. As he started across, he saw an automobile driven by defendant David Welter about two blocks away approaching from the west in the south lane. When he reached the middle of the street, he stopped and looked again at the approaching car. He testified that the car stopped when it was twenty to thirty feet from him. He proceeded across the street and was struck and injured by the left front of the automobile.

Defendant testified he saw plaintiff crossing the street from a point approximately 300 feet away. He said he was then traveling twenty to thirty miles an hour in the thirty-mile-per-hour speed zone. Instead of braking, he decelerated by removing his foot from the accelerator. He testified he had slowed to ten to fifteen miles per hour when he saw plaintiff standing at the center line. He estimated that his vehicle was six feet away when plaintiff took a couple of steps into his path and was struck. Defendant acknowledged he did not sound his horn at any time as he traveled the 300 feet before the accident.

Plaintiff brought the present action seeking damages for his injuries. He alleged several specifications of negligence against defendant, including failure to maintain a proper lookout, failure to sound a horn in violation of § 321.329, The Code, failure to have his vehicle under control in violation of the common law, failure to have it under control in violation of § 321.288, The Code, and failure to operate his automobile at a speed which would permit him to stop within the assured clear distance ahead in violation of § 321.285, The Code.

At trial, after both parties had rested, defendant moved to strike each specification of negligence. The trial court permitted the motion to be made with the same force and effect as if made at the conclusion of plaintiff's case-in-chief and renewed at the close of all the evidence. The court sustained the motion except as to lookout, common-law control and sounding the horn.

The court's instructions included those specifications. However, the instruction on control was based on section 321.288 rather than the common law. Plaintiff did not object to that instruction but did object to an instruction limiting defendant's duty to sound his horn. The trial court overruled plaintiff's objection and submitted the case as proposed. Issues of contributory negligence and a counterclaim by defendant were also submitted. The jury returned verdicts denying recovery to each party, and plaintiff brought this appeal.

He contends the trial court erred in overruling his objection to the instruction relating to defendant's duty to sound a horn and in sustaining defendant's motion to strike his negligence specifications based on control and assured clear distance.

*I. The instruction on the duty to sound a horn.* In relevant part, section 321.329 provides that "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary." The trial court informed the jury of that duty in instruction 14. However, the court added the following language in instruction 15: "You are instructed that the Defendant did not have a duty to sound his horn if Plaintiff was aware of the presence of Defendant's automobile." Plaintiff objected that this language incorrectly limited defendant's duty and contended that a motorist is excused from sounding a horn only when the pedestrian already knows everything he would know if the warning were given.

In support of his objection and present assignment of error, he cites *Arenson v. Butterworth*, 243 Iowa 880, 54 N.W.2d 557 (1952). That case involved a car-pedestrian accident in which a motorist turning in an intersection struck a woman walking across the street in a crosswalk. The defendant unsuccessfully sought an instruction like instruction 15 in the present case. On appeal, this court said: "It is true that one who knows all of which a warning could have informed him may not complain that none was given." *Id.* at 886, 54 N.W.2d at 561. The court acknowledged the pedestrian testified she saw the car approaching. However, under the evidence in that case the court held it could not say as a matter of law the plaintiff knew all she would have known if defendant had sounded his horn. It concluded: "Mere knowledge defendant had started a left turn did not necessarily charge plaintiff with notice she would not be accorded the right of way. The jury could properly find a warning would have imparted further knowledge to her that she did not have and with which she was not charged." *Id.* at 887, 54 N.W.2d at 561.

Section 321.328 charges a pedestrian with a duty to yield by exercising ordinary care when attempting to cross a public highway at an unmarked point; however, section 321.329 imposes a correlative positive duty upon the motorist to exercise due care to avoid hitting the pedestrian and to warn by horn when reasonably necessary. *Ackerman v. James*, 200 N.W.2d 818, 825 (Iowa 1972). If it believed plaintiff's testimony, as it was entitled to do, the jury could find plaintiff thought defendant was in fact going to yield to him. Sounding of the horn might have warned plaintiff he was not going to do so. Thus plaintiff did not know everything of which the honking of the horn might have warned him. The jury could find the horn should have been sounded to warn plaintiff, not merely of the presence of the car but also of the danger it posed to him. We agree with plaintiff that the trial court erred in telling the jury defendant was excused from his duty to sound his horn if plaintiff knew of the presence of his automobile.

Defendant contends the case should not be reversed on this ground, even if it has merit, for three reasons. First, he alleges the specification relating to the duty to sound the horn should have been stricken on his motion at the conclusion of plaintiff's evidence. Second, he asserts the duty did not arise until too late for the warning to do any good. Third, he claims he was entitled to a directed verdict because plaintiff was contributorily negligent as a matter of law.

It is true that the only evidence of defendant's failure to sound a horn was an admission by defendant in response to a question during cross-examination when he was testifying in his own behalf. Thus no evidence supported the allegation at the conclusion of plaintiff's case-in-chief. However, it was not reversible error for the trial court to overrule defendant's motion to strike which was made with leave of court at the conclusion of all the evidence as if made at the conclusion of plaintiff's case. Sufficient evidence existed to support the specification when all the evidence was in, and, as with a motion for directed verdict, reversible error can only be predicated on the overruling of a motion to strike a specification when all the evidence has been received. *McDannel v. Parkview Invest-*

*ment Corp.*, 257 Iowa 1160, 1167, 136 N.W.2d 281, 286 (1965).

█ Moreover, we believe it was for the jury to say whether it was reasonably necessary for defendant to sound his horn in the circumstances. *See Ruby v. Easton*, 207 N.W.2d 10, 18–19 (Iowa 1973).

█ Finally, we do not believe the trial court was obliged as a matter of law to hold that plaintiff's damages were proximately caused by breaches of his duty under section 321.328 to yield to the automobile and his duty to maintain a proper lookout. This is not the exceptional case where a party with the burden of proof was entitled to a directed verdict on his allegations. Applicable principles are explained and the same result reached in *Ackerman v. James*, 200 N.W.2d at 824–26. *See also Ruby v. Easton*, 207 N.W.2d at 19–20; *Tillotson v. Schwarck*, 259 Iowa 161, 164–67, 143 N.W.2d 284, 286–87 (1966).

Therefore, we hold it was reversible error for the trial court to overrule plaintiff's objection to instruction 15.

█ *II. Failure to submit the issue of common-law control.* The trial court sustained defendant's motion to strike the control specification which was based on the statute but instructed on that specification rather than the common-law specification which was not stricken. Plaintiff did not object to the failure to submit the common-law duty and therefore cannot predicate error on that omission now.

█ For guidance of the trial court on retrial, we note the difference between the statutory and common-law duties. Plaintiff relies on section 321.288(1) which requires a motorist to have his vehicle under control and reduce speed to a reasonable and proper rate "[w]hen approaching and passing a person walking in the traveled portion of the public highway." Because the parties agreed defendant's car was approaching plaintiff, who was in the traveled portion of the street, the statute was plainly applicable. "Control" means the same thing under the statute and at common law. *See Schaben v. Kohles*, 186 N.W.2d 598, 600

(Iowa 1971). Yet, a violation of the statute is negligence per se, whereas a violation of the common-law duty would merely be evidence of negligence. Therefore, all other things being equal, it is to plaintiff's advantage to have the statutory duty submitted rather than the common-law duty.

Under the evidence in this case, it is difficult to see how plaintiff was harmed by the court's failure to submit the common-law duty. Plaintiff received everything he would have received if both issues had been submitted except any benefit which might have been derived by having the jury told twice of defendant's duty of control. The situation is different when common-law control is submitted in place of the statutory duty. *See Erickson v. Thompson*, 257 Iowa 781, 790, 135 N.W.2d 107, 112 (1965). In some cases, depending upon the evidence, both duties must be submitted. *See Stimmel v. Johnson*, 199 N.W.2d 356, 358–59 (Iowa 1972). However, the evidence submitted at trial did not make this that kind of case.

█ *III. Striking the assured clear distance issue.* The trial court struck the assured clear distance specification on defendant's motion. Defendant contends plaintiff cannot complain of this ruling because he did not object to the court's failure to instruct on the issue. However, plaintiff assigns error in the ruling striking the allegation, not on the failure to instruct on it. This he may do.

█ On the merits, we believe the ruling of the trial court was correct. Under any version of the evidence, plaintiff entered defendant's path suddenly. Plaintiff said it was because defendant's vehicle was stopped. It is clear he was mistaken. In any event, the evidence is insufficient to show that he entered the path of defendant's vehicle at a point sufficiently far ahead to establish an assured clear distance. *See Nolte v. Case*, 221 N.W.2d 741, 744–45 (Iowa 1974).

We reverse and remand on the assignment of error treated in division I.

REVERSED AND REMANDED.