WILLIAM DEMERS, appellee, v. JOHN FISHER CURRIE, appellant.

No. 51886.

(Reported in 139 N.W.2d 464)

JANUARY 11, 1966.

Allen Vest, of Sac City, for appellant.

J. R. Hamilton, of Storm Lake, and Thomas L. McCullough, of Sac City, for appellee.

LARSON, J.—This action for damages, caused by a collision on a public highway between plaintiff's automobile and defendant's cow, was tried to the court and resulted in a judgment for plaintiff in the sum of $6000. The usual issues of negligence, freedom from contributory negligence, and damages were presented. Appellant's only assignment of error is the court's finding that plaintiff was free from negligence which contributed to his injury and damage. He contends the evidence requires a finding that plaintiff was guilty of contributory negligence as a matter of law. We cannot agree.

From the record it appears plaintiff was driving his 1959 automobile in an easterly direction on a dry, clear 22-foot gravel road which passes along the south side of defendant's farm approximately two and one-half miles west and a mile north of Schaller in Sac County, Iowa, at about 9:15 a.m. on January 1, 1963. When about a quarter of a mile from defendant's west driveway, plaintiff was going about 40 to 45 miles per hour. As he approached the crest of a hill approximately 100 to 110 feet from the driveway he saw a cow in the ditch along the south side of the road, and a little farther along another cow on the south shoulder of the road. He testified that he reduced his speed to 20 to 25 miles per hour, pulled to the left so as to avoid the second cow, and kept his eyes on her when he went past. He said his vision of the road ahead was clear as far as he could see, but that due to the hilltop and the east slope his vision in the area was limited until he came within 40 feet of the defendant's driveway. When his view of the roadway ahead became clear, a third cow appeared in the roadway. The left front fender of plaintiff's automobile collided with the animal, killing her. Plaintiff said he had not increased his speed, was not speeding, and thought the danger was over after he got past the second cow. He said he could not see an object in the driveway from the top of the hill, and did not see this cow until the instant she appeared in front of him. The cow had been standing in the driveway just prior to the time plaintiff crested the hill.

I. Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law. Guinn

510

v. Millard Truck Lines, Inc., 257 Iowa 671, 680, 134 N.W.2d 549, 555, and citations; Peterschmidt v. Menke, 249 Iowa 859, 863, 89 N.W.2d 152, and citations; Auen v. Kluver, 250 Iowa 619, 622, 95 N.W.2d 273, and citations; rule 344(f)10, Rules of Civil Procedure.

In considering the propriety of a directed verdict for defendant, the court gives plaintiff's evidence the most favorable construction it will reasonably bear. Clayton v. McIlrath, 241 Iowa 1162, 1172, 44 N.W.2d 741, 27 A. L. R.2d 307; rule 344 (f)2, R. C. P. And even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, then a jury question is engendered. Rule 344(f)17, R. C. P.

One using a public highway has the right to assume that others using the road will obey the law, including statutes, rules of the road, and the necessity for due care, at least until he knows or in the exercise of due care should know otherwise. Rule 344(f)9, R. C. P.

II. All motorists on a public highway are required to exercise the care of the ordinarily prudent person under the circumstances. Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1363, 29 N.W.2d 204. Appellant contends from plaintiff's own testimony he failed in this duty. He argues that when plaintiff discovered two unattended cows in the highway just before he reached the hillcrest from the west, he was or should have been alerted, that he should have expected other cattle ahead and, in view of the fact his vision was obscured by the hillcrest, should have slowed to a speed that would have allowed him to stop within the "assured clear distance ahead" as required by section 321.285 of the 1962 Code, and no longer could rely upon the assumption the owner of the cows was observing the law in that regard. This is a proper argument for the finder of fact, but scarcely requires a finding of negligence as a matter of law.

Section 321.285, we have said, provides no hard-and-fast rule applicable in every case where a motorist collides with an object on the highway. Many of our cases recognize there may be a legal excuse for violating the statute, or that peculiar or

diverting circumstances may render the statutes inapplicable. This is especially true since the addition of the words "such driver having the right to assume, however, that all persons using said highway will observe the law" to section 321.285 by amendment effective July 4, 1935. Knaus Truck Lines v. Commercial Freight Lines, supra. Without holding that the assured-clear-distance statute is applicable to the factual situation (see Wells v. Wildin, 224 Iowa 913, 277 N.W. 308, 115 A. L. R. 169), since the parties seem to have made this the principal issue, we shall consider it.

■  "Assured clear distance ahead", as used in section 321.285, which is essentially a speed regulation, signifies that the operator of an automobile shall at all times be able to stop his car within the distance that discernible objects may be seen ahead of it. It is true that, due to certain circumstances such as hilly and icy highways, this obligation may rest more heavily on the motorist in one case than in another. Nevertheless, in almost all such cases we have concluded that if the driver acting prudently should have seen the object ahead, the question of "assured clear distance" became one for the jury. Kadlec v. Johnson Constr. Co., 217 Iowa 299, 252 N.W. 103, and citations; Wiese v. Hoffman, 249 Iowa 416, 424, 86 N.W.2d 861, and citations.

Although it had long been the rule in this jurisdiction that a motorist had a right to assume that others will observe the law until he knows or in the exercise of reasonable care should have known otherwise, a decision of this court in Lindquist v. Thierman, 216 Iowa 170, 248 N.W. 504, 87 A. L. R. 893, had the effect of denying a motorist the benefit of that rule under section 321.285 when he collided with an unlighted vehicle. See Gookin v. Baker & Son, 224 Iowa 967, 974, 276 N.W. 418.

Thereafter, the legislature passed the 1935 amendment heretofore referred to, and we held this in effect reestablished the assumption right when applying the assured-clear-distance requirement. Central States Electric Co. v. McVay, 232 Iowa 469, 473, 5 N.W.2d 817.

■  The "assured-clear-distance" requirement, without such a condition, would be harsh indeed. Even before the amendment,

we said in Kadlec v. Johnson Constr. Co., supra, 217 Iowa 299, 307, 308, 252 N.W. 103, 107: "A reasonable construction of this statute would seem to require that, where the evidence shows that plaintiff's car was equipped with good lights, and he was not exceeding the speed limit, he should not be held guilty of contributory negligence, as a matter of law, in failing to see an object which was undiscernible to a person approaching the same in the exercise of ordinary care. This statute, like all others, should not be so construed as to require a party approaching the object to see it, as a matter of law, when by the use of ordinary care on his part it cannot be seen." Also see 24 Iowa Law Review 128, 136.

"Assured clear distance" for a motorist is a constantly changing factor. In 7 Am. Jur.2d, section 188, page 739, it is stated: "The 'assured clear distance ahead' constantly changes as the motorist proceeds and is measured at any moment by the distance between the motorist's vehicle and the limit of his vision ahead, or by the distance between the motorist's vehicle and any intermediate discernible static or forward-moving object in the highway ahead constituting obstruction in the motorist's path or lane of travel."

■ Thus, if it be conceded the cow was in or near plaintiff's lane of travel as he crested the hill, we believe the jury could find that plaintiff showed by substantial evidence that he was exercising due and reasonable care as he came over the crest of the hill, that he acted as a reasonably prudent man in the reduction of his speed under the circumstances in controlling his vehicle, and in keeping a proper lookout. Although he observed the cows near the crest of the hill he was not bound as a matter of law to anticipate other illegal obstacles in his path or lane as he proceeded. To require him to slow to a crawl or be held negligent as a matter of law under section 321.285 of the Code would be unreasonable. We are satisfied the facts here do not compel a finding that plaintiff was guilty of contributory negligence as a matter of law.

III. This is not the exceptional case where reasonable minds may not differ as to the propriety of plaintiff's actions. Beezley v. Kleinholtz, 251 Iowa 133, 100 N.W.2d 105. The evi-

dence does not compel a finding that plaintiff defied danger or took chances as he approached the scene of the collision. Guinn v. Millard Truck Lines, Inc., supra, and citations; Kuehn v. Jenkins, 251 Iowa 557, 564, 100 N.W.2d 604, and citations. The fault of plaintiff in defying a known hazard, or one that should be reasonably anticipated, was not so apparent that every candid mind could reach no other conclusion. McClenahan v. Des Moines Transit Co., 257 Iowa 293, 132 N.W.2d 471; Roushar v. Dixon, 231 Iowa 993, 2 N.W.2d 660.

IV.   We are satisfied the evidence here would justify a finding that plaintiff exercised the care of an ordinarily prudent person under the circumstances and did not violate the provisions of section 321.285. Thus the finding by the trial court that he was not guilty of contributory negligence is binding upon us.

The judgment, therefore, must be affirmed.—Affirmed.

All JUSTICES concur.