CERNY, APPELLANT, *v.* DOMER, APPELLEE.

118

(No. 41001—Decided March 13, 1968.)

*Mr. John W. Watters*, for appellant.
*Messrs. Donithen, Michel & Davis* and *Mr. William Kay Davis*, for appellee.

MATTHIAS, J.  This cause gives rise to two questions to be answered by this court: (1) Whether, in view of the testimony presented by the plaintiff, the trial court could properly find the plaintiff contributorily negligent as a matter of law for failure to maintain a proper lookout; (2) whether the assured-clear-distance-ahead provision of Section 4511.21, Revised Code, is rendered inapplicable by virtue of the defendant having been in the act of backing his automobile at night in plaintiff's lane of travel just prior to the time of the collision.

The first question can be answered only by reviewing the testimony in the record upon which the trial court based its finding that plaintiff failed, as a matter of law, to maintain a proper lookout. That testimony came from the plaintiff himself and he made the following pertinent statements:

*On direct examination.*

"[Q.] What happened? You say you saw this car go over the rise. Did you see the car? A. No, I saw the tail lights.

"[Q.] Did you continue to see the tail lights, or what happened? A. They went out of sight, and when I reached the point on the top of the hill I picked up the lights on the vehicle."

*On cross-examination.*

"[Q.] From the time you got to the Bee Line [Garage], you could see his lights all the way from there on to the point of the accident? A. I seen his tail lights again, yes.

"[Q.] You could see them and did see them. Is that correct? A. I saw his tail lights.

"[Q.] From the time you got to the Bee Line you could see his lights all the way? A. I did.

"[Q.] You could and did see them? A. I did see his tail lights.

"\* \* \*

"[Q.] Will you state whether or not you could see his tail lights from a point opposite the Bee Line to the point of the accident? A. Yes, I could see them.

"[Q.] Was there anything to obstruct your view at all? A. No.

"[Q.] Did you see them? A. I saw them as I come up over the rise, and then the next thing he was coming back at me.

"\* \* \*

"Q. I think we were talking about a point on the highway where you noticed the lights of the truck the second time? Can you tell me about where you were at that time?

Lets make it with reference to the crest of the hill. A. Approximately at the Bee Line at the top of the hill.
"* * *

"Q. That would be several hundred feet west of the Hall Trucking Company, wouldn't it? A. I believe it would.

"Q. Was there anything to obstruct your view from that point until the time the collision occurred? A. No.

"Q. You could see his lights from that point on up to the point where the collision occurred? A. Yes, I could have.

"Q. If you didn't you were looking at something else, were talking, or something. Is that correct? A. You mean, if I didn't see the tail lights of the vehicle that I was looking some other place?

"Q. Yes, looking, or talking, or something of that kind. A. Yes."

In explaining to the jury his ruling on defendant's motion for a directed verdict at the close of plaintiff's case the trial judge commented: "* * * Now, you will remember that on cross-examination by Mr. Michel of the plaintiff here * * * he was asked, 'Was there anything to obstruct your view as you hit the top of the rise out there, the crest? Was there anything to obstruct your view on down there where the truck was located?' And his answer was 'No.' 'Could you have seen his lights?' And he said, 'Yes.' 'If you didn't see something like this, then you were talking or doing something else.' If you remember, that was his testimony. And he said, 'yes.' 'And you could have seen the tail lights?' And he said something about doing something else, so if he had looked the court comes to the conclusion that if he had looked, and we have the requirements that we must look and we must see what we should have seen. Under these many cases, I am of the opinion, as a matter of law, that the plaintiff was guilty of contributory negligence. * * *"

The cases discussed by the court preliminary to the finding of contributory negligence for failure to maintain

a proper lookout were all assured-clear-distance cases—not cases decided on the basis of failure to maintain a proper lookout.

The third and fourth paragraphs of the sylalbus in *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St. 469, set forth the guidelines to be followed by a trial court in ruling upon a motion for a directed verdict:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

See, also, *Durbin* v. *Humphrey Co.*, 133 Ohio St. 367.

The plaintiff in this case clearly acknowledged that he could and did see the defendant's tail lights from a point several hundred feet away and that there was nothing to obstruct his view from the time he came over the crest of the hill until the time the accident occurred. As Judge Younger stated in his dissenting opinion below (10 Ohio App. 2d 1, 7):

"It cannot be assumed that because the accident happened the plaintiff did not see the tail lights or did not look. The plaintiff did not admit that he did not see the tail lights or that he did not look. Therefore, whether the plaintiff saw the tail lights or looked is a question of fact for the jury to decide, and in assuming that the plaintiff did not look, which assumption is based upon a hypothetical question to the plaintiff and is contrary to the direct and positive testimony of the plaintiff in all questions put to him before the hypothetical question, the court invaded the province of the jury and decided a question of fact."

This court is of the opinion that reasonable minds

could differ upon the question of proper lookout and that the trial court erred in failing to submit the question to the jury.

The plaintiff could not be prejudiced by this error, however, if the trial court was correct in its decision that the assured-clear-distance-ahead provision of Section 4511.-21, Revised Code, was applicable in this cause, and that plaintiff was in violation of that provision.

We now turn our attention to that problem.

Section 4511.21, Revised Code, provides in pertinent part:

"* * * no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The term, "assured clear distance," was defined in the case of *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St. 81, at page 84, as "the distance or space between the motor vehicle of the motorist and any discernible obstruction or any limit of vision ahead of him on the highway." Later, this definition was refined and expanded in paragraph one of the sylalbus in the case of *Erdman* v. *Mestrovich*, 155 Ohio St. 85, which provides:

"The 'assured clear distance ahead,' referred to in Section 6307-21, General Code [Section 4511.21, Revised Code], constantly changes as the motorist proceeds and is measured at any moment by the distance between the motorist's car and the limit of his vision ahead, or by the distance between the motorist's car and any intermediate discernible *static or forward moving object in the street or highway ahead* constituting an obstruction in the motorist's path or lane of travel." (Emphasis supplied.)

In the year next following the decision in the *Erdman* case, this court, in the case of *McFadden* v. *Elmer C. Breuer Transportation Co.*, 156 Ohio St. 430, recognized that, in order for assured clear distance to be a question in the case, there must be some substantial evidence:

(1) That the object with which the operator collided was located ahead of him in his lane of travel;

(2) That such object was reasonably discernible; and

(3) That the object was (a) static or stationary, (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible to bring his vehicle to a stop and avoid a collision.

On the basis of the requirements stated in the *McFadden case*, it is plaintiff's contention that the assured-clear-distance-ahead rule should not be applicable in this case due to the special circumstance of defendant's having been in the act of backing his vehicle in plaintiff's lane of travel just prior to the time of the collision between his and plaintiff's vehicles.

Despite the clear delineation by this court of what the rule requires, exceptional circumstances will, from time to time, require careful re-evaluation of those requirements. This court stated in *Smiley* v. *Arrow Spring Bed Co., supra*, at page 89:

"It is apparent that the exception to the statutory rule, in contrast with the rule itself, cannot be stated in exact terms. It can be stated only relatively and to a large extent by terms of inclusion within and exclusion from the rule, depending upon the circumstances of the case. * * *"

The circumstances of this case clearly demonstrate that we have here a situation where, as a simple matter of logic, the assured clear distance between two motor vehicles is being lessened by two parties instead of one and is really not within the individual and exclusive control of either party. The evidence indicates that the defendant was backing at about 5 miles per hour. It would have been possible for him to have been backing at 10 or 15 miles per hour, and lessening the distance between the cars more rapidly; but regardless of speed he was reducing the assured clear distance between his automobile and that of plaintiff. A person in the position in which plaintiff found himself might well not be able to tell on a dark night that the tail lights ahead of him were moving towards him rather than just sitting there or moving away from

him, until the assured clear distance he once had maintained was eliminated. The slightest encroachment upon assured clear distance by another vehicle in the same lane of travel is elimination of assured clear distance altogether.

We find this case more analogous to the situation in *Hangen* v. *Hadfield*, 135 Ohio St. 281—where a motorist crested a hill to find an automobile moving toward him upon his side of the road, cutting down the distance between them, resulting in a collision—than to cases involving static objects or vehicles slowing down. In *Hangen*, this court upheld a jury verdict in favor of the plaintiff, approving of the trial court's refusal to allow a motion by defendant for a directed verdict, and at page 286 in the opinion said:

"This court is of the view that the instant case is one in which the above mentioned provisions of Section 12603, General Code [Section 4511.21, Revised Code], cannot be applied as a matter of law to the plaintiff's conduct; rather, under the conflicting evidence, a jury question is here presented as to whether the plaintiff was guilty of contributory negligence. Reasonable minds might differ with reference thereto. As contended by the defendant, it is of course true that as the plaintiff approached the brow of the hill he knew that his view was obstructed thereby. However, it is likewise true that the plaintiff was not required to anticipate that the driver of an approaching motor vehicle would violate the law by obstructing the plaintiff's proper path. The trial court was correct in overruling the defendant's motion for a directed verdict."

Section 4511.38, Revised Code, provides, in part:

"Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."

There is evidence in this case that defendant was in violation of Section 4511.38, Revised Code, in having failed to give ample warning before backing, which failure would constitute negligence per se. *Buckeye Stages, Inc.,* v. *Bowers*, 129 Ohio St. 412. There is also evidence from

which it might be deduced that defendant failed to exercise proper vigilance while backing. If, indeed, defendant did violate Section 4511.38, Revised Code, and that violation was the sole and proximate cause of plaintiff's injuries, then plaintiff should be allowed to recover.

We hold that, in view of the fact that it was uncontradicted that defendant in this case was backing his automobile at nighttime in plaintiff's lane of travel, and thereby cutting down plaintiff's assured clear distance ahead, the assured-clear-distance-ahead provision of Section 4511.21, Revised Code, is rendered inapplicable and it cannot be said as a matter of law that plaintiff was contributorily negligent because in violation of that provision.

The trial court should have allowed this case to go to the jury and the allowance of defendant's motion for a directed verdict was improper.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.