**James H. WEISBROD, Appellee,**

v.

**STATE of Iowa, Appellant.**

**No. 54712.**

Supreme Court of Iowa.

Dec. 15, 1971.

Richard C. Turner, Atty. Gen., David A. Elderkin and John E. Beamer, Asst. Attys. Gen., for appellant.

McMahon & Cassel, Algona, for appellee.

RAWLINGS, Justice.

Action by plaintiff pursuant to the "Iowa Tort Claims Act" to recover for injuries sustained in automobile collision, allegedly caused by State's negligence in failing to warn of impaired highway conditions. From trial court's judgment for plaintiff, State appeals. We affirm.

At the time here concerned U.S. Highway 169 south of Algona, Iowa, was being repaired at the instance of the Iowa State Highway Commission. It is a two lane heavily traveled thoroughfare designated a major highway. Specifically, a segment of decayed concrete in the west lane, four-tenths of a mile south of Algona, was being replaced. The terrain in this area is rolling, and the above project was being effected at the bottom of a hill, 500–600 feet south of its crest. As a result the highway was reduced to one lane at the repair site, the west lane being blocked by a sawhorse four feet in height. Aside from this barricade, placed about ten feet north of the construction area, no effective notice or warning with regard to limited travel condition was installed or given. At trial plaintiff introduced testimony showing it was impossible to see the repair area when approaching from the north, until reaching the aforesaid crest. Daytime speed limit for the segment of U.S. 169 in question is 70 m. p. h.

At approximately 5:30 P.M., June 23, 1964, plaintiff, James H. Weisbrod, accompanied by Darrel D. Wubben, was driving his 1956 Ford south on U.S. 169. It is a four lane road for that portion which runs through Algona, alternately known as South Phillips Street. The speed limit thereon is progressively 35 and 45 m. p. h., changing to 70 m. p. h. at the south edge of town where the road narrows to two lanes. As Weisbrod traveled along South Phillips Street he passed and then was re-passed by an automobile driven by Julius Harig.

When they approached the aforesaid hillcrest, located about one-fourth mile south of Algona, Harig was several car lengths in front of Weisbrod, both moving in the west lane at 60–75 m. p. h. Upon cresting the hill, Harig was confronted by three automobiles stopped in the west lane just north of the aforesaid barricade. He immediately applied his brakes and pulled to right (west), running first onto the shoulder then down an abrupt decline. Weisbrod, upon seeing Harig braking, hit his brakes and pulled to the left (east). Weisbrod's car first struck the rear bumper of that driven by Harig, then went across the highway to the east shoulder, hit an enbankment, and ricocheted into a grain truck approaching from the south. Both truck and car were resultantly demolished. Weisbrod admittedly suffered serious and permanent injuries.

June 10, 1966, Weisbrod filed a claim pursuant to "Iowa Tort Claims Act" (The Code 1966, Chapter 25A). January 4, 1968, it was denied by the State Appeal Board. See Code § 25A.3.

June 5, 1968, the present action was commenced in Kossuth County District Court pursuant to Code § 25A.4.

August 26, 1969, trial court entered judgment for plaintiff and in so doing held (1) defendant was negligent in not properly warning motorists of the construction project and attendant highway impairment; (2) such negligence was the proximate cause of plaintiff's injury; (3) plaintiff was not contributorially negligent. Weisbrod was awarded $120,000 damages. From judgment accordingly entered the State appeals.

By stipulation of parties, contributory negligence is the sole issue instantly to be considered, the State having admitted, for purpose of this appeal, its negligence and resultant damages.

I. The "Iowa Tort Claims Act" abrogates tort immunity of the State, with some exceptions not here involved. See Buda v. Fulton, 261 Iowa 981, 157 N.W.2d 336; cf. Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626.

■ A tort claim against the State must, in the first instance, be presented for administrative consideration and disposition. The relevant statutory provision in this regard is Code § 25A.3. It provides, in pertinent part, the State Appeal Board is authorized "to consider, ascertain, adjust, compromise, settle, determine, and allow any claim as defined in this chapter." Absent an administrative determination satisfactory to a claimant the Act confers upon him the right to bring an action at law. Code § 25A.4. Such is purely a proceeding anew, differing from an ordinary action only in that it is tried to the court absent a jury. Code §§ 25A.4, 25A.6; see 17 Drake L.Rev. 189, 196. This statutory suit may not be brought, however, until the administrative remedy is exhausted. Code § 25A.5; see Oliver v. Iowa Power & Light Company, 183 N.W.2d 687, 691 (Iowa); Davis, Administrative Law Treatise, §§ 20.01–20.10 (1959); 21 Drake L. Rev. 1, 16–23. On appeal from a district court judgment the case is here reviewed "in the same manner and to the same extent as other judgments of the district courts." Code § 25A.7.

Thus the case at hand will be entertained on appeal as an ordinary action. See First National Bank in Lenox v. Brown, 181 N. W.2d 178, 181 (Iowa).

Further, with regard thereto, we have said:

"In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f) (1), R.C.P. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 840, 118 N.W.2d 565, 567; France v. Benter, 256 Iowa 534, 536, 128 N.W.2d 268, 270. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them." Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa).

II. Defendant alleges plaintiff was contributorially negligent in that he failed to:

1. Exercise the care of an ordinary and prudent person under the circumstances;

2. Maintain a proper lookout;

3. Drive in such a manner as to be able to stop in the assured clear distance ahead;

4. Maintain control of his vehicle.

These issues have so recently been considered by us as to obviate any need to discuss them at length. See respectively Matuska v. Bryant, 260 Iowa 726, 733, 150 N. W.2d 716, 720; Schaben v. Kohles, 186 N. W.2d 598, 600 (Iowa); Demers v. Currie, 258 Iowa 507, 510, 139 N.W.2d 464, 466.

Neither will any useful purpose be served by discussing the evidence. Trial court found to the effect, plaintiff had no notice of the highway impairment, was exercising due care and complying with the posted speed limit.

■ III. Defendant contends, however, testimony of its expert witness Fred Burger, an Iowa Highway Patrol Sergeant, *compels* a finding of excessive speed and negligence on plaintiff's part. Burger testified at length as to reaction time, braking, and total stopping distance. By means of a mathematical formula he endeavored to show the accident could not have occurred had plaintiff observed the posted speed limit and maintained a proper vehicular interval. The foregoing contention is without merit.

Expert opinion testimony, even if uncontroverted, is not binding on the trier of facts. Tiemeyer v. McIntosh, 176 N.W.2d 819, 823 (Iowa); Wells v. Wells, 168 N.W.2d 54, 59 (Iowa); Kellerhals v. Kallenberger, 251 Iowa 974, 982, 103 N.W.2d 691, 696; 19 Drake L.Rev. 245, 271. As we said in Iowa Development Company v. Iowa State Highway Commission, 255 Iowa 292, 300, 122 N.W.2d 323, 328, "Expert testimony may be used as an aid to the trier of the facts, and may be adopted in whole, in part, *or not at all.* * * * So the court here was not bound to follow the testimony of any of the experts as conclusive, but could equate their opinions * * * with the other evidence in the case." (Emphasis supplied).

IV. Defendant further argues plaintiff was contributorially negligent as a matter of law. In support of that position it again leans heavily upon the aforesaid opinion testimony. For reasons set forth above we find this argument unpersuasive.

█ It is also axiomatic, contributory negligence is usually a fact issue, not one of law, to be determined by the trier of facts. Rule 344(f) (10), Iowa R.Civ.P.; Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa); Weppler v. Smith, 252 Iowa 679, 686, 108 N.W.2d 247, 251; Leinen v. Boettger, 241 Iowa 910, 926, 44 N.W.2d 73, 82.

And even where the facts are not in dispute, if reasonable minds may draw different inferences from them, a jury question is generated. Rule 344(f) (17), Iowa R. Civ.P.; Tillotson v. Schwarck, 259 Iowa 161, 164, 143 N.W.2d 284, 286. Only in a rare and exceptional case, where lack of reasonable care is so flagrant, manifest and palpable that reasonable minds may fairly reach no other conclusion, is the question one of law for the court. Pastour v. Kolb Hardware, Inc., 173 N.W.2d 116, 124 (Iowa); Demers v. Currie, 258 Iowa 507, 510, 139 N.W.2d 464, 466; Auen v. Kluver, 250 Iowa 619, 623, 95 N.W.2d 273, 275.

Instantly no fact or combination of facts mandate a holding that plaintiff, as a matter of law, was contributorially negligent.

█ Finally, as this court aptly stated in Goman v. Benedik, 253 Iowa 719, 724-725, 113 N.W.2d 738, 741, "* * * when one is confronted by just such an emergency and thereafter exercises ordinary care in an attempt to avoid a collision, he may not be found guilty of negligence as a matter of law when a collision results."

Trial court's findings are supported by substantial evidence and justified as a matter of law.

Affirmed.

All Justices concur.