Charline COPPOLA and Marjorie Hines,
Appellants,

v.

Roy Francis JAMESON, Appellee.

No. 55039.

Supreme Court of Iowa.

Sept. 19, 1972.

Thoma, Schoenthal, Davis, Hockenberg & Wine and Bertroche, Watson & Swanson, Des Moines, for appellants.

Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for appellee.

McCORMICK, Justice.

Plaintiffs appeal from denial of their motion for new trial after judgment upon jury verdict for defendant in this motor vehicle personal injury case. They claim trial court error in refusal to submit to the jury two specifications of defendant's negligence. We find one of them should have been submitted, and reverse and remand.

The accident happened about 7:40 a. m. March 15, 1967, on east-west County Line Road which runs along the boundary between Polk and Warren counties. Plaintiff Coppola resided on the south side of the ordinary two-lane gravel road, about one quarter mile west of its intersection with an extension of Fleur Drive. Her driveway was variously estimated as 120 to about 150 feet east of the crest of a hill.

Mrs. Coppola worked in Des Moines with plaintiff Hines who had agreed to drive her to work on the morning involved. The sun was shining and road surface was clear. Mrs. Hines drove into the Coppola driveway where Mrs. Coppola was waiting. After Mrs. Coppola got in the car, she backed out onto the roadway at a northwesterly angle to head east. Mrs. Hines said she looked west to the crest of the hill just before she started forward and saw nothing coming. Plaintiffs testified her car was traveling slowly forward and had passed the driveway at the time it was struck by defendant's car.

Defendant lived in the area and traveled east on County Line Road each work day to get to Des Moines. He testified he was driving 50 miles per hour approaching the crest of the hill, beyond which he knew was the Coppola home and driveway. He did not reduce his speed until at or over the crest of the hill when he saw the Hines car 100 to 120 feet east of him. It had already backed out of the driveway. He thought the car was stopped two or three feet over the center of the road. There was no traffic heading west. He said he "whipped" his car to the left, lost control, locked the brakes and skidded down the road with the front angling north. The right front corner of his vehicle struck the left rear of the Hines car, knocking it into the south ditch a couple car lengths past the driveway.

The trial court submitted specifications of defendant's negligence based upon common law lookout and control and the Code § 321.285 requirement of reasonable and proper speed. The court refused to submit pleaded negligence specifications of speed greater than would permit defendant to bring his vehicle to a stop within the assured clear distance under Code § 321.285 and requirements as to control and speed of his vehicle when approaching a steep descent in a public highway under Code § 321.288. Various contributory negligence specifications were submitted against plaintiffs. The sole appeal issues are whether the evidence supported submission of the two unsubmitted specifications of defendant's negligence.

I. *Should the assured clear distance specification have been submitted?* In determining whether a jury question is engendered the evidence is viewed in its light most favorable to the party having the burden of proof, and if reasonable minds can differ on the issue, it is for the jury. West v. Broderick & Bascom Rope Company, 197 N.W.2d 202, 211 (Iowa 1972). Further, "The rule is well established that where there is sufficient evidence to warrant submission of pleaded specifications of negligence, it is error for the court not to do so." Kuehn v. Jenkins, 251 Iowa 557, 562, 100 N.W.2d 604, 607 (1959).

■ Defendant claims the assured clear distance statute is inapplicable in this case because the crest of the hill shortened his assured clear distance, depriving him of an opportunity to adjust his speed to avoid the collision. This argument ignores the language, purpose and meaning of the statute. Code § 321.285 relevantly provides, "[N]o person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law." The words "assured clear distance ahead" signify that a driver shall at all times be able to stop his car within the distance that discernible objects may be seen ahead of it. Demers v. Currie, 258 Iowa 507, 511, 139 N.W.2d 464, 466 (1966). Thus, the crest of the hill in this case *established* rather than *obstructed* defendant's assured clear distance as he approached it. A driver's duty "is not varied or diminished when the assured clear distance is shortened by darkness of night or by presence of a fog or rain, or by a curve in the road ahead, or by the crest of a hill." 60A C.J.S. Motor Vehicles § 293(2)a, at 207. See, e. g., Demers v. Currie, *supra* (crest of hill); Campbell v. Martin, 257 Iowa 1247, 136 N.W.2d 508 (1965) (fog); Wiese v. Hoffman, 249 Iowa 416, 86 N.W.2d 861 (1957) (crest of hill); see also Smiley v. Arrow Spring Bed Company, 138 Ohio St. 81, 92, 33 N.E.2d 3, 9 (1941) ("[T]he fact that the motorist's view is limited by the crest of the hill does not warrant his driving at such speed as to preclude him from stopping his car within the assured clear distance that may be afforded after he reaches the crest of the hill.").

■ We have recognized that assured clear distance constantly changes as a motorist proceeds "and is measured at any moment by the distance between the motorist's vehicle and the limit of his vision ahead, or by the distance between the motorist's vehicle and any intermediate discernible static or forward-moving object in the highway ahead constituting obstruction in the motorist's path or lane of travel." 7 Am.Jur.2d Automobiles and Highway Traffic § 188 at 739, quoted with approval in Demers v. Currie, *supra*, 258 Iowa at 511–512, 139 N.W.2d at 466–467. As we observed in Demers, a drivers' obligation may be heavier in one case than another due to circumstances such as hilly highways. See also Wiese v. Hoffman, *supra*. We do not say such drivers are negligent as a matter of law, only that a jury question is engendered on the assured clear distance issue.

■ Cases relied on by defendant are distinguishable. They fall within the exception where an established assured clear distance is suddenly and unexpectedly shortened and obstructed by some not reasonably anticipated intrusion by another rapidly approaching or converging vehicle into the driver's path. In such circumstances the statute is inapplicable. See Plummer v. Loonan, 189 N.W.2d 617 (Iowa 1971); Reich v. Miller, 260 Iowa 929, 151 N.W.2d 605 (1967), and citations; Parker v. Reading Company, 363 F.2d 608, 610 (3d Cir. 1966); 60A. C.J.S. Motor Vehicles § 293(2)b, at 209; 2 Blashfield Automobile Law and Practice (3d ed.) § 105.28. The facts in this case fit the rule and not the exception.

We agree with the Ohio court that a jury question on the issue exists where there is substantial evidence:

"(1) That the object with which the operator collided was located ahead of him in his lane of travel;

(2) That such object was reasonably discernible; and

(3) That the object was (a) static or stationary, (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible to bring his vehicle to a stop and avoid a collision." Cerny v. Domer, 13 Ohio St.2d 117, 123–124, 235 N.E.2d 132, 137 (1968).

■ In this case the Hines vehicle was a discernible object constituting an obstruction in defendant's lane of travel. It was either static or forward moving. Defendant was obliged to have his speed regulated so he could stop in the distance established by the range of visibility. This duty existed when the crest of the hill was the limit of his assured clear distance as well as when he passed the crest and saw the vehicle in his path. The statute required that he anticipate an object might lawfully be in his path just beyond the range of his vision and be traveling at such speed that when he saw it he could stop his car to avoid hitting it. See 2 Blashfield Automobile Law and Practice (3d ed.) § 105.39 at 411 ("A motorist cannot assume that his course of travel is free of danger or obstruction in the absence of the ability to see clearly ahead.").

■ There was sufficient evidence to support jury submission of the assured clear distance specification. Contrary to defendant's further argument, a plaintiff is entitled to have submitted to the jury all properly pleaded negligence specifications which are supported by the evidence so long as they present distinct issues. Karr v. Samuelson, Inc., 176 N.W.2d 204, 212 (Iowa 1970), and citations. It was reversible error to refuse to instruct on assured clear distance in this case.

■ II. *Should the steep descent specification have been submitted?* Without evidence of a "steep descent" in the area of highway involved, the duty imposed by Code § 321.288 as to control and proper speed when "approaching and traversing * * * a steep descent" is inapplicable. The term "steep descent" is not defined in the statute or in our cases. The dictionary meaning of "steep" includes "making a large angle with the plane of the horizon: having a side or slope approaching the perpendicular; precipitous." Webster's Third New International Dictionary (1966). The testimony in this case characterized the grade of the hill involved as "slight" between the crest of the hill and accident scene. Photographic exhibits confirm it was a small hill. Its grade was far from precipitous. Cf. Falt v. Krug, 239 Iowa 766, 32 N.W.2d 781 (1948) (jury question where there was a 30 percent grade). We find no substantial evidence to support submission of this specification of negligence and hold the trial court's refusal to instruct on it under the record made was proper. See Cavanaugh v. Jepson, 167 N.W.2d 616, 619–620 (Iowa 1969).

III. Since we find reversible error in the trial court's failure to submit the assured clear distance negligence specification, the case will be remanded for new trial. Ordinarily all appeal costs would be taxed to defendant. However, plaintiffs unnecessarily included in the record and their brief on appeal 61 printed pages relating to evidence on damages, although no damages issue was involved here. Therefore, plaintiffs are taxed $76.25 in appeal costs.

We have adopted new rules of appellate procedure effective January 1, 1973. We encourage the bar to study them carefully. They are designed to simplify and shorten appeal papers. We expect implementation of Rule 344.1 to result in inclusion in the appendix to briefs of only those limited portions of the record clearly authorized by the rule, so that prolixity and expense such as involved here will be avoided.

Reversed and remanded.

All Justices concur.