Samir SHAMS and Laila
Shams, Appellants,

v.

John Jerome CARNEY, Appellee.

No. 93–109.

Supreme Court of Iowa.

June 22, 1994.

Rehearing Denied July 25, 1994.

Frederick B. Anderson of Wiggins & Anderson, P.C., West Des Moines, for appellants.

Thomas J. Logan and Hugh J. Cain of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

Samir Shams was struck while crossing a Des Moines street. A jury found no negligence on the part of the defendant, John Carney, and the plaintiffs appealed the resulting judgment. The court of appeals reversed, and we granted further review. We vacate the decision of the court of appeals and affirm the judgment of the district court.

In Urbandale, Iowa, there is a frontage road running parallel to a main thoroughfare, Hickman Road. The frontage road is connected to Hickman by an access road at Ninetieth Street. There is a bus stop at that point, and it was there that Shams left a commuter bus to walk home. He waited for the bus to leave and started to walk across the frontage road. It was December 17, just after dusk, and the weather was misty. Shams was dressed in a dark suit, black shoes, black topcoat, and a blue cap. He successfully crossed the north (or westbound) half of the frontage road, but he was struck by Carney's car as he attempted to cross the south half. The frontage road traveled by Carney is a "protected" or "favored" street, one that provides for the right-of-way by the posting of yield or stop signs. *See Wilson v. Jefferson Transp. Co.*, 163 N.W.2d 367, 371 (Iowa 1968).

The principal issues on appeal concern Carney's duty of care in approaching this intersection and whether the plaintiffs were entitled to an instruction on "assured clear distance." It was on those issues that the court of appeals reversed the judgment for the defendant.

I. *The Duty of Care in Approaching the Intersection.*

The plaintiffs requested, but the court refused to give, the following proposed Instruction 9:

A driver operating a vehicle must have it under control and shall reduce its speed to a reasonable and proper rate when approaching and traveling through a crossing or intersection of streets. A violation of this law is negligence.

We have held that this instruction, which incorporates Iowa Code section 321.288 (1991), is not required if the driver was approaching a protected intersection, as in this case. *Wilson*, 163 N.W.2d at 371. *See also Pitz v. Cedar Valley Egg & Poultry Co.*, 203 N.W.2d 548, 550–51 (Iowa 1973); *Paulsen v. Haker*, 250 Iowa 532, 537, 95 N.W.2d 47, 51–52 (1959).

As we said in *Wilson*:

The instruction requested by defendant[, incorporating section 321.288,] is given in intersection cases where neither through highways nor stop signs are involved. We have never held it essential to instruct under section 321.288 in relation to the duty of a driver on the favored right of way. Blashfield, Automobile Law and Practice, section 114.93, pp. 201–02, states in part: "Ordinarily the motorist having the right of way is not negligent in failing to slow down or stop at an intersection, even if traffic is observed approaching from the inferior street. Moreover, a motorist on a favored road is not required to drive so that he can make a full stop at each intersection, and he is only required to proceed with such care and with his automobile under such control as existing conditions, known or which should be known to him, may require."

*Wilson*, 163 N.W.2d at 372.

As we said in *Matuska v. Bryant*, 260 Iowa 726, 150 N.W.2d 716 (1967):

In the exercise of ordinary care under the circumstances there is no duty to immediately discover a motorist approaching a protected intersection or to anticipate that one will not be accorded the right-of-way.... [One] is only required to pro-

ceed with such care ... as existing conditions ... require.

*Id.* at 733–34, 150 N.W.2d at 720–21 (citations omitted).

■ A motorist traveling a protected roadway does not have a duty to decrease speed at an intersection unless it appears that another person has proceeded onto the protected roadway. In that case,

> [t]he negligence of a driver on the favored road in such circumstances involves lookout, control and speed. But the speed concepts are controlled by the situation developed after the favored driver knows, or should know, the inferior driver is not going to obey the law.

*Wilson,* 163 N.W.2d at 371.

In four separate instructions, the court stated the general law with respect to control, the duty to drive with due regard for all existing conditions, and the duty to drive at a speed reasonable and proper under the circumstances. It was not obliged to also give the plaintiffs' requested Instruction 9, which deals with unprotected intersections.

### II. *The Assured–Clear–Distance Instruction.*

■ Shams contends the trial court should have instructed the jury that

> [n]o person shall drive any vehicle on a street at a speed greater than will permit them to stop within the assured clear distance ahead. The words "within the assured clear distance ahead" mean the distance from which noticeable objects, reasonably expected or anticipated to be upon the highway, may be seen. A violation of this law is negligence.

This instruction is based on Iowa Code section 321.285. In *Coppola v. Jameson,* 200 N.W.2d 877, 880 (Iowa 1972), we set out a three-part test for determining when to give this instruction:

> [A] jury question on the issue exists where there is substantial evidence:
>
> (1) That the object with which the operator collided was located ahead of him in his lane of travel;
>
> (2) That such object was reasonably discernible; and
>
> (3) That the object was (a) static or stationary, (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible to bring his vehicle to a stop and avoid a collision.

*Id.* (quoting *Cerny v. Domer,* 13 Ohio St.2d 117, 123–24, 235 N.E.2d 132, 137 (1968)).

Under section (2) of the *Coppola* test, there is a question whether Shams was reasonably discernible. The collision occurred one-half hour after sunset, Shams was wearing very dark clothing, and neither Shams nor Carney saw the other until Shams was a few feet in front of Carney's vehicle. Another witness confirmed that.

Shams also fails section 3 of the *Coppola* test because he did not "[come] into [Carney's] lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible to bring his vehicle to a stop and avoid a collision." *Coppola,* 200 N.W.2d at 880.

> [A] sudden and unexpected entry of a person, motor vehicle, or other object into the path of travel will take the case out of the assured clear distance statute or rule.

*Vanderheiden v. Clearfield Truck Rentals, Inc.,* 210 N.W.2d 527, 531 (Iowa 1973) (quoting 60A C.J.S. *Motor Vehicles* § 293(2)(b), 208–09 (1969)); *accord Nolte v. Case,* 221 N.W.2d 741, 747 (Iowa 1974); *see also Wright v. Welter,* 288 N.W.2d 553, 556 (Iowa 1980) (plaintiff did not enter defendant's line of travel within the assured clear distance where plaintiff stood stationary at the centerline of the road approximately 300 feet in front of defendant, then proceeded to walk into defendant's lane of travel).

Under the facts of this case, it was not error for the district court to deny the assured-clear-distance instruction.

### III. *Sufficiency of the Evidence.*

■ The plaintiff contends that the jury's verdict was not supported by substantial evidence. Jury findings of fact are binding on appeal if they are supported by sub-

---

stantial evidence. *Nadler v. Mason City*, 387 N.W.2d 587, 591 (Iowa 1986). Evidence is substantial if reasonable minds would find it adequate to reach the same conclusion, even if we might draw a contrary inference, *Frontier Properties Corp. v. Swanberg*, 488 N.W.2d 146, 147 (Iowa 1992). We view the evidence in the light most favorable to the party in whose favor the verdict was rendered. *Poulsen v. Russell*, 300 N.W.2d 289, 294 (Iowa 1981).

When we view the evidence with these principles in mind, we believe that the jury's verdict was supported by substantial evidence, and we therefore affirm.

IV. *The Cross–Appeal.*

The defendant has raised an issue on cross-appeal regarding the court's instruction concerning a crosswalk. The court instructed that a driver is required to yield to a pedestrian crossing the road within a crosswalk. The defendant contends that this intersection was not a crosswalk within the meaning of the law; however, because we affirm the judgment favorable to the defendant, it is not necessary to address the cross-appeal issue.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**